UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO SANCHEZ,<br><br>                              Petitioner,<br><br>v.<br><br>NEIL McDOWELL, Warden,<br><br>                              Respondent. | Case No.: 22-cv-192-GPC-KSC<br><br>**ORDER GRANTING RESPONDENT'S SECOND APPLICATION FOR AN EXTENSION OF TIME**<br><br>[Doc. No. 12] |

Before the Court is respondent's Application for Second Enlargement of (the "Application"). Doc. No. 12. This is respondent's second request for more time to respond to petitioner's Petition for Writ of Habeas Corpus (the "Petition"). *See* Doc. No. 9. In the Application, respondent's counsel seeks a 30-day extension of the current deadline to respond to the Petition. *See* Doc. No. 12 at 3.

As an initial matter, the Application is untimely. The current deadline to respond to the Petition is June 8, 2022. Doc. No. 10. The undersigned's Chambers' Rules require that requests for continuance must be made no less than seven days before the affected date. *See* Chambers' Rules and Pretrial Procedures for the Honorable Karen S. Crawford, § VI. And, in granting respondent's previous request, the Court explicitly ordered that further requests for more time be made at least seven days in advance of the deadline to be

continued. Doc. No. 10. Despite the Court's clear instructions, however, respondent inexplicably waited until June 6, 2022 to advise the Court of the need for additional time. Respondent is admonished that going forward, the Court expects compliance with its rules and procedures. Noncompliant filings will not be considered by the Court.

Nevertheless, the Court has reviewed the Application for a showing of good cause to extend the deadline. Counsel explains that she has a heavy workload that has prevented her from preparing a meet the current deadline. Doc. No. 12 at 2-3. The Court notes that counsel's workload was also the basis of respondent's previous request for an extension. The Court appreciates that the demands on counsel's time associated with a heavy caseload may make it difficult to comply with deadlines. However, repeated requests to extend deadlines impede the Court's ability to manage its own docket and "to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Morin v. U.S.*, 534 F.Supp.2d 1179, 1190 (D. Nev. 2005) (noting that "[t]he public and the parties have an interest in expeditious resolution of litigation" and that requiring compliance with a scheduling order "promotes such goals"). Because it is clear that counsel cannot meet the current deadline, the Court will grant respondent a ***final*** extension to respond to the Petition. ***No further extensions will be given***. Respondent and his counsel must take whatever steps necessary, including by delegating work to other counsel, to ensure compliance with the current deadline.

For the foregoing reasons, the Application for Extension of Time is **GRANTED**. Respondent must file his Answer no later than ***July 8, 2022***. Petitioner's traverse, if any, must be filed no later than ***August 8, 2022***.

**IT IS SO ORDERED.**

Dated: June 7, 2022

Hon. Karen S. Crawford
United States Magistrate Judge